SAMUEL HALE *et al.*, Respondents, *v.* JOHN W. SKINNER *et al.*, Appellants.

*Practice—Trial.*—The granting permission to a plaintiff to reply to a counterclaim at the trial is a matter within the discretion of the court below, and the Supreme Court will not interfere with this discretion unless the defendant has sustained substantial wrong thereby.

*Appeal from St. Louis Court of Common Pleas.*

Suit on note made by Skinner, endorsed by Cole, for one thousand twenty-six dollars and thirty cents; protested and notice given to endorser.

Answer admitted the note and denied delivery; avers that note was without consideration and obtained by fraudulent representations of plaintiffs' attorney; that if said defendant would give a good note, with security, that plaintiffs would assign a judgment they held against one Stevenson for eight hundred and ninety-two dollars and ten cents, of date of November 26, 1856; that Skinner procured the note in suit, and that plaintiffs' attorney fraudulently represented that if defendant would deliver the note, the plaintiffs would immediately assign the judgment; that defendant delivered the note, but plaintiffs refused to assign the judgment; therefore defendant prays that said note be returned to defendants. Defendants set up the same transaction by way of counterclaim, alleging that plaintiffs' attorney, on November 15, 1858, made a written agreement to assign said judgment to said

Skinner, in consideration of which the note sued on was given, and praying that defendants be compelled to perform the agreement, and be enjoined until performance, and praying one hundred dollars damages for breach of agreement.

The case was tried by the court without a jury. At the time of the trial, the defendant offered testimony tending to prove the issues on his part, and the court gave the instruction to the effect that the facts of the answer, if proved, &c., showed a good defence. The case was submitted to the court, and next morning the court permitted the plaintiffs to reply to the counter-claim by denying all its allegations; and thereupon the court found the issues for the plaintiffs, and gave judgment.

*Whittelsey* and *Hart*, for respondents.

I. The court committed no error in allowing the plaintiffs to file a reply after the submission of the cause to the court. The defendants had not asked a default. The defence set up was not a counter-claim, but a plea of failure of consideration in the note sued upon, and to this no replication was required. (Carpenter v. Meyers, 32 Mo. 213.)

II. The objection is really to the finding of the court below upon the issues. The instruction asked by plaintiffs was given, but the evidence did not sustain the defence set up. This court does not review cases upon the evidence. The judgment should be affirmed, with damages.

*J. W. Skinner*, for appellants.

BATES, Judge, delivered the opinion of the court.

This was a suit upon a promissory note. The defendants set up a counter-claim. At the trial, the defendants asked an instruction that the allegations of the counter-claim were admitted by the plaintiff because he had filed no reply to it. The court then gave the plaintiffs leave to file a reply, which was done, and judgment was given for the plaintiffs.

We cannot perceive from the record that any error was

committed by the court below in permitting the plaintiffs to file their reply to the counter-claim. The granting of such permission is a matter so much within the discretion of the court below, that this court will not interfere with the exercise of that discretion unless it appears that the appellant has sustained substantial wrong thereby, which does not appear in this case.

Judgment affirmed. Judges Bay and Dryden concur.